**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GRAYSTONE FUNDING COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NETWORK FUNDING, L.P. ET. AL., <br><br> Defendants. | Case No.: 2:19-cv-00383-JNP-CMR <br><br> **ORDER GRANTING LEAVE TO AMEND ANSWER** <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is Defendants Network Funding L.P. (Network Funding), Jason Gautreau (Gautreau), and Christie North's (North) (collectively Defendants) Motion for Leave to Amend Their Answer, Defenses, and Counterclaims and Add a Third-Party Defendant (Motion to Amend) (ECF 29) referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A) (ECF 6). After careful review of the papers submitted by the parties, relevant law, and the arguments heard at the October 20, 2020, hearing on the Motion to Amend (ECF 57), for the reasons discussed herein, the court GRANTS the Motion to Amend.

## I. BACKGROUND

Plaintiff Graystone Funding Company (Plaintiff or Graystone) filed a Complaint against Network Funding and former Graystone executives Gautreau and North seeking monetary and punitive damages, including lost profits, stemming from a failed purchase transaction between Graystone and an unidentified mortgage company and North and Gautreau's alleged violations of non-disclosure and non-solicitation agreements as they negotiated employment with Network Funding (ECF 2). Defendants filed an Answer, Defenses and Counterclaims which was later amended (Amended Answer) responding to the allegations in the Complaint and asserting

1

affirmative defenses and counterclaims against Plaintiff for unpaid wages and losses related to the failed merger between Graystone and Network Funding (ECF 14).

The parties submitted a joint Attorney Planning Meeting Report (ECF 17) to which the court entered a Scheduling Order setting the deadline to amend pleadings and add parties on February 24, 2020 for Plaintiff and March 9, 2020 for Defendants (ECF 18). The deadline to amend and add parties for Defendants was ultimately extended to March 23, 2020 (*See* ECF 24, 26, 28 and 46). On that date, Defendants filed the present Motion to Amend (ECF 29). In the Motion to Amend, Defendants request leave to file a Second Amended Answer, Defenses, and Counterclaims; and Defendants' Third Party-Complaint (Second Amended Answer) (ECF 29-1). The Second Amened Answer seeks to include Kipp V. Meyers (Mr. Meyers), owner and managing partner of Graystone, in the claims for fraud (fourth claim) and negligent misrepresentation (fifth claim); and add three new claims against Graystone and Mr. Meyers for fraudulent misrepresentation (ninth claim); negligent misrepresentation (tenth claim) and promissory estoppel (eleventh claim) (ECF 29-1). The proposed Second Amended Answer also seeks to add affirmative defenses. Plaintiff filed an opposition to the Motion to Amend (Opposition) arguing the proposed amendments are futile (ECF 36). Defendants submitted a reply to the Opposition (Reply) (ECF 38) along with a Request to Submit for Decision (ECF 39). Plaintiff subsequently requested oral argument on the Motion to Amend (ECF 41). On October 20, 2020, the court held a hearing on the Motion to Amend (ECF 57).

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The court has "'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early

resolution of litigation.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)). "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

In their Opposition, Plaintiff only contests the Second Amended Answer based on futility. At the hearing, which Plaintiff requested, Plaintiff's counsel indicated at the beginning of the hearing that he "was not the drafter" of the Opposition and was therefore "not fully prepared to take [the] questions" posed by the court (ECF 57). Plaintiff's counsel thereafter withdrew nearly all arguments in the Opposition focusing on only what Plaintiff thought was the "best argument" (ECF 57). Plaintiff's counsel argued the only issue for the court to consider is that the Defendants have failed to plead facts to show reasonable reliance for any of the proposed amendments (ECF 57). Since Plaintiff withdrew all other arguments, the court will therefore only address this argument.[1]

### A. Amendment would not be futile

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mehias*, 379 F.3d 892, 901 (10th Cir. 2004). In making this determination, the court applies the same standard it would apply under Rule 12(b)(6). *JDK LLC v. Hodge, No. 15-cv-00494-NYW*, 2015 WL 5766466, at *2 (D. Colo. Oct. 2, 2015). Under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are

---

[1] Though Plaintiff initially also objected to the entire Second Amended Answer (ECF 36), at the hearing counsel for Plaintiff indicated he did not object to inclusion of the proposed affirmative defenses. Since Plaintiff withdrew that objection, the court need not address it (ECF 57).

3

accepted as true and viewed in the light most favorable to the party defending against dismissal. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The allegations must be enough that, if assumed to be true, the party plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

 1. **Defendants sufficiently plead reasonable reliance.**

Each of the proposed claims in the Second Amended Answer have an element requiring reasonable reliance. *See, e.g., Jorgensen v. Wright Med. Grp., Inc.*, No. 2:18-CV-366 TS-EJF, 2018 WL 5792325, at *3 (D. Utah Nov. 5, 2018) (Explaining elements of claim for fraudulent misrepresentation includes reasonable reliance); *Heaton v. Am. Brokers Conduit*, No. 2:11-cv-531 TS, 2011 WL 3734201, at *4 (D. Utah Aug. 24, 2011), *aff'd*, 496 Fed. App'x 873 (10th Cir. 2012) (Explaining an element of fraud and negligent misrepresentation is reasonable reliance); *Glob. Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1228, 1238 (D. Utah 2015) (Explaining a claim for promissory estoppel must establish "a promise reasonably expected to induce reliance" and that the reliance was reasonable).

Defendants' Second Amended Answer alleges that Mr. Meyers represented that Graystone would join or merge with Network Funding, that additional representations and discussions were had on this point, that a meeting was conducted to solidify the details, and that Network Funding was working to facilitate the merger (ECF 29-1 ¶¶ 32-33; 38-40). Deposition testimony is also cited to support allegations that Mr. Meyers made false and misleading statements about intending to merge and at some point, statements and the conduct of Mr. Meyers lead to the conclusion that there was not going to be a merger (ECF 29-1 ¶¶ 38-40). Network Funding further alleges it invested substantial time and effort to work toward the merger, believed the merger would take place, and was damaged when it did not. Defendants

incorporate these allegations by reference in their remaining counterclaims against Plaintiff (ECF 29-1 ¶¶ 92, 102, 146, 155, and 166).  As the court noted at the hearing, while the words "reasonable reliance" are not always present in the pleading, factual allegations addressing that element are present.

Plaintiff argues that Defendants' proposed factual allegations are not reasonable or credible because Defendants should not have relied on the alleged merger without a signed agreement (ECF 36, 57).  Plaintiff also urges the court to apply its common sense and find that no reasonable business entity would rely on an employee to buy out or facilitate a merger on its behalf (ECF 57).  At the hearing, Plaintiff also pointed the court to alleged discrepancies in excerpts of Mr. Meyer's deposition that were included in the Second Amended Answer (ECF 29-1 at 26) and argues that the court should not rely on the pleading since it includes inaccurate deposition testimony (ECF 57).  Plaintiff ultimately conceded that a motion to amend is not the proper framework to decide if discrepancies exist in deposition testimony as the court would be required to weigh evidence (ECF 57).

In viewing the facts in light most favorable to Defendants, the court finds that Defendants have stated plausible claims for relief against Plaintiff.  Defendants include allegations that they relied on Plaintiff's representations and cite to deposition testimony and other allegations as support for that claim.  At this stage, the undersigned need not decide whether the allegations are credible or reasonable, only that the allegations state a plausible claim for relief.  Moreover, it is not the court's function to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted.  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Similarly, factual disputes do not establish futility of amendment.  *Golden v. Mentor Capital, Inc.*, No. 2:15-cv-176-JNP-

BCW, 2015 WL 13631247, at *1 (D. Utah Sept. 29, 2015) (explaining "the Court cannot rely on Defendants' contrary factual contentions in determining whether Plaintiffs' amended allegations are futile.").

The court agrees with Defendants' position that reasonable reliance is a factual determination based on the specific facts of each question and is usually for the jury to decide. *See Ellsworth v. Tuttle*, No. 2:01-cv-907-DAK, 2003 WL 25658595, at *7 (D. Utah Mar. 21, 2003) (in denying a motion for partial summary judgment on a misrepresentation claim, court held the issue of whether plaintiff's reliance was reasonable should be presented to the jury). While there may be circumstances where the court can determine reasonable reliance was not sufficiently plead or is not plausible, here, Plaintiff is asking the court to do more—find that because there was no signed agreement it is unreasonable for a "sophisticated, multi-state, multi-million dollar company" that performs "sophisticated transactions" to rely on a representation which was not memorialized (ECF 57). For the court to make this determination requires more than using common sense to decide if a claim is plausible. The court would have to make assumptions and evaluate evidence to reach this conclusion, which it cannot do. The Proposed Amended Answer contains sufficient factual allegations to state plausible claims for which Defendants may be entitled to relief.

## ORDER

For the reasons stated above, it is HEREBY ORDERED that the Motion to Amend (ECF 29) is GRANTED. Defendants shall file the Second Amended Answer (ECF 29-1) on the docket within seven (7) days of this order. Once filed, the Second Amended Answer shall be the operative pleading in this matter.

//

DATED this 9 November 2020.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah